107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George DZABA, Plaintiff-Appellant,
v.
WILLCOX INC. Reinsurance Intermediaries, Johnson & Higgins,
Inc., Willis King, Jr., Patricia Handley and
Elizabeth Kazar, Defendants-Appellees.
 No. 96-7640.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 1
 APPEARING FOR APPELLANT: George Dzaba, Pro Se, Bronx, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Theodore O. Rogers, Jr., Sullivan & Cromwell, New York, N.Y.
 
 
 3
 Appeal from the United States District Court for the Southern District of New York (John F. Keenan, Judge ).
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 6
 George Dzaba, pro se, appeals from the district court's grant of summary judgment in favor of defendants on his claims of race and national origin discrimination. Dzaba, who is black and was born in Ghana, claims that defendants treated him differently from other employees due to his race, alleging inter alia that they refused to transfer him outside a word processing pool while transferring white employees, obstructed his attempts to advance in the company, forced him to take a test no other applicant was given when he applied for a different job in the company, put him on probation without warning and refused to reimburse him for tuition payments. He further contends that he was ultimately fired for discriminatory reasons and in retaliation for his filing of an EEOC complaint.
 
 
 7
 Defendants, however, produced uncontroverted evidence demonstrating legitimate, non-discriminatory reasons for the job decisions in question. Defendants showed that Dzaba's performance at work was inadequate and insubordinate. Defendants also showed that the test in question was new at the time it was administered to Dzaba and has been routinely administered in like circumstances since that time. Dzaba did not offer evidence in rebuttal.
 
 
 8
 No juror could reasonably find either that defendants' explanations were pretextual or that their actions were motivated by discrimination. Accordingly, Judge Keenan correctly granted defendants' motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir.1994) (summary judgment proper when "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight").
 
 
 9
 The judgment is affirmed.